UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ANTONIO PAUL**,

      *Plaintiff*,

– against –

**DEPARTMENT OF LABOR**,

      *Defendant*.

**MEMORANDUM AND ORDER**
24-CV-00095 (NCM)(LB)

**NATASHA C. MERLE**, United States District Judge:

 *Pro se* plaintiff Antonio Paul filed this complaint naming the New York State Department of Labor ("NYS DOL") on January 3, 2024. Compl., ECF No. 1. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this order.[1] Appl. to Proceed IFP, ECF No. 2. The complaint is hereby dismissed without prejudice. The Court grants Plaintiff leave to file an amended complaint within 30 days.

## BACKGROUND

 Plaintiff brings this lawsuit against the NYS DOL. Compl. In his form complaint, the Plaintiff did not complete the section stating the basis for the Court's jurisdiction. Compl. at 4–5. Plaintiff states that he owes child support and is "not using [his] unemployment to pay child support." Compl. at 5–6. He also asserts that he has been "trying to get [his] unemployment for about 3 years," that he wanted to submit paperwork, and that "they said no paperwork." Compl. at 5. Plaintiff attaches a December 4, 2020 determination letter from the NYS DOL indicating that he could expect to receive

---

[1] Plaintiff's IFP application claims to have no assets, income, or living expenses. Appl. to Proceed IFP.

$182 per week until October 10, 2021. *Id.* at 7.

## DISCUSSION

The complaint is dismissed because of failure to state a claim, lack of subject matter jurisdiction, and sovereign immunity.

I.  Failure to State a Claim & Lack of Subject Matter Jurisdiction

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). However, non-attorney *pro* se litigants are not expected to meet the standards for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

Here, Plaintiff does not include any basis for this Court's subject matter jurisdiction in his complaint. There are two types of federal subject-matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant lives in the same state as the plaintiff. *See* 28 U.S.C. § 1332. Given Plaintiff has not alleged either basis for the Court's jurisdiction, his complaint is deficient. *See* Fed. R. Civ. P. 12(h)(3).

Nor has plaintiff presented any grounds for relief. Though Plaintiff notes that he has been trying to get unemployment and references child support, his alleged grounds for relief are unclear. It is not clear whether he was prevented from applying for or

collecting unemployment benefits. Nor is it clear how Plaintiff's child support obligations impact his claim.

Because Plaintiff has not alleged a basis for the Court's subject matter jurisdiction, nor grounds for relief, Plaintiff's complaint must be dismissed.

II. <u>Sovereign Immunity</u>

States are immune from suit under the Eleventh Amendment unless the state consents to be sued or Congress has created an exception to sovereign immunity. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Further, a court shall dismiss an action where it is satisfied that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff has not shown that the State of New York consented to be sued or Congress created an exception to sovereign immunity that would allow him to bring suit in federal court against the State of New York or any of its agencies related to monetary unemployment benefits and/or child support obligations. Accordingly, this claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the reasons explained above, Plaintiff's complaint is dismissed without prejudice. The Court finds that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); s*ee Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court grants Plaintiff leave to file an amended complaint within 30 days of this Order. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

If Plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include "Docket Number 24-CV-00095 (NCM)(LB)." Plaintiff should explain how he was injured, who was responsible, and why he thinks this Court has jurisdiction to remedy the injury.

If Plaintiff does not file an amended complaint within 30 days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

       /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:    January 18, 2024
            Brooklyn, New York